IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDDY RIVERA, on behalf of himself and others similarly situated,<br>       Plaintiff,<br>  v.<br>MARTIN'S FAMOUS PASTRY SHOPPE, INC.,<br>       Defendant. | 1:20-cv-00438-JPW |

**PLAINTIFF'S UNOPPOSED MOTION FOR "PRELIMINARY APPROVAL" OF THE CLASS ACTION SETTLEMENT AND OTHER RELATED RELIEF**

As reflected in the accompanying "Class Action Settlement Agreement," see Doc. 29-1, the parties have agreed to settle this class action lawsuit on behalf of Plaintiff Freddy Rivera ("Rivera") and 51 other individuals who worked for Defendant Martin's Famous Pastry Shoppe, Inc. ("Martin's") as Independent Distributors ("distributors") since March 2017. The proposed settlement requires Martin's to pay a total of $700,000. If the Court approves the requested $192,500 in attorney's fees/expenses and the $7,500 service award, then $500,000 will be paid to the distributors.

Under the December 1, 2018 amendments to Federal Rule of Civil Procedure ("Civil Rule") 23, the Court "should direct notice in a reasonable manner" to all class members covered by a proposed settlement if the parties

demonstrate that, at the post-notice final approval stage, the Court "will likely be able to" (i) give final approval of the settlement under the criteria described in Civil Rule 23(e)(2) and (ii) certify the settlement class. See Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii). As discussed in the accompanying brief, notice of the instant settlement should be issued to class members (*i.e.* the settlement should be "preliminarily approved") because both of these requirements are satisfied.

First of all, the Court "will likely be able to" give final approval to the settlement under Civil Rule 23(e)(2) because:

- (A) the class representatives and class counsel have adequately represented the class;

- (B) the proposal was negotiated at arm's length;

- (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

- (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Secondly, the Court "will likely be able to" certify the settlement class because the putative settlement class satisfies Civil Rule 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation and Civil

Rule 23(b)(3)'s two additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Furthermore, as explained in the accompanying brief, the proposed notice forms and protocols constitute "the best notice that is practicable" under the criteria described in Civil Rule 23(c)(2)(B). Finally, the undersigned law firms are qualified to be appointed interim class counsel pursuant to Civil Rule 23(g)(3).

**WHEREFORE**, Rivera respectfully requests that the Court grant this motion and enter the accompanying proposed order.

Date: November 6, 2020                Respectfully,

/s/ Peter Winebrake

_____
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025

Harold L. Lichten (*pro hac vice*)
Matthew Thomson (*pro hac vice*)
Zachary L. Rubin (*pro hac vice*)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA  02116

*Proposed Class Counsel*

3