IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDDY RIVERA, on behalf of himself and others similarly situated,<br>　　　　　　　　　　　Plaintiff,<br>　v.<br>MARTIN'S FAMOUS PASTRY SHOPPE, INC.,<br>　　　　　　　　　　　Defendant. | 1:20-cv-00438-JPW |

# **ORDER**

**WHEREAS**, the parties have settled this class action lawsuit on behalf of a 52-member putative class defined as all individuals who "during any time since March 16, 2017, worked in Massachusetts as Independent Distributors, either individually or through a business entity, pursuant to Independent Distributor Agreements with Defendant [Martin's Famous Pastry Shoppe, Inc.]." Doc. 37-1 at pg. 1; and

**WHEREAS**, on November 16, 2020, the Court, pursuant to Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii), entered an order preliminarily approving the settlement of this class action, approving the notice form and protocols by which class members would be informed of the settlement, and scheduling an in-person fairness hearing for February 16, 2021.  *See* Doc. 33; and

**WHEREAS**, Plaintiff's counsel have informed the Court that all class notice

1

protocols have been followed and that no putative class members have objected to or requested exclusion from the settlement. *See* Doc. 37-3 at ¶¶ 8-14; and

**WHEREAS**, on February 9, 2021, Plaintiff filed an Unopposed Motion for Final Approval of the Class Action Settlement ("Final Approval Motion"), *see* Doc. 37, and an accompanying brief, *see* Doc. 38; and

**WHEREAS**, on February 16, 2021, the Court presided over the fairness fairness hearing, utilizing the Court's Zoom account, *See* Doc. 36 (text order converting in-person fairness to Zoom hearing and establishing protocols to ensure that any individuals appearing at the Courthouse expecting an in-person hearing would be permitted to participate in the fairness hearing at the Courthouse via phone or Zoom);

**NOW, THEREFORE,** this ___ day of _____, 2021, upon consideration of Plaintiff's Final Approval Motion, *see* Docs. 37, the accompanying Agreement, *see* Doc. 37-1, the Declaration of Peter Winebrake, *see* Doc. 37-2, the Declaration of Harold Lichten, *see* Doc. 37-3, the accompanying brief, *see* Doc. 38, the representations of counsel during the February 16, 2021 fairness hearing, and all other papers and proceedings herein, it is hereby **ORDERED** that the Final Approval Motion is **GRANTED** as follows:

1. The Court certifies the 52-member settlement class consisting of all individuals who, during any time since March 16, 2017, worked in Massachusetts

as Independent Distributors, either individually or through a business entity, pursuant to Independent Distributor Agreements with Defendant Martin's Famous Pastry Shoppe, Inc.  Certification of this class is warranted because the class satisfies the class action requisites described in Fed. R. Civ. P. 23(a) and (b)(3).  This finding is consistent with several opinions in which district courts have certified classes of workers who alleged that they were misclassified as non-employee contractors under the Massachusetts Independent Contractor Statute, Mass. Gen. Laws ch. 149, § 148B(a).  *See DaSilva v. Border Transfer of MA, Inc.*, 296 F. Supp. 3d 389, 400-06 (D. Mass. 2017); *Vargas v. Spirit Delivery & Distribution Services, Inc.*, 245 F. Supp. 2d 268, 287,  (D. Mass. 2017); *Tavares v. S-L Distribution Company, Inc.*, 2016 U.S. Dist. LEXIS 57689, *17, 21-22 (M.D. Pa. May 2, 2016) (Jones, C.J.); *De Giovanni v. Jani-King Int'l, Inc.*, 262 F.R.D. 71, 84 (D. Mass. 2009).

    2.    The law firms of Winebrake & Santillo, LLC and Lichten & Liss-Riordan, P.C. are appointed class counsel.  These firms satisfy all the criteria described Fed. R. Civ. P. 23(g)(1)(A) and have been appointed class counsel in other wage an hour class actions.  *See generally* Docs. 37-2 and 37-3.

    3.    The Court approves the payment of $500,000.00 to the class members as "fair, reasonable, and adequate" under the criteria described in Fed. R. Civ. P. 23(e)(2).

4. The Court approves the payment of a $7,500.00 service award to Freddy Rivera. Such award falls within the range of service awards approved by this Court in other wage and hour class actions. *See*, *e.g.*, *Shiptoski v. SMG Group, LLC*, 2020 U.S. Dist. LEXIS 8864, *4 (M.D. Pa. Jan 16, 2020) (citing cases approving $15,000 awards).

5. The Court approves the payment to class counsel of $3,050.00 to compensate them for out-of-pocket expenses, which, according to class counsel, consist of court filing fees and private mediation fees. *See* Doc. 37-2 at ¶ 23.

6. The Court approves the payment to class counsel of $189,450.00 in attorney's fees. This amount, which equals approximately 27% of the total $700,000.00 settlement fund, is reasonable when viewed against the various *Gunter* and *Prudential* factors that courts within the Third Circuit utilize in assessing the reasonableness of attorney's fees in settled class action lawsuits. *See In re: AT&T Corp. Sec. Litig.*, 455 F.3d 160, 165-66 (3d Cir. 2006) (listing factors). In addition, when compared to class counsel's purported lodestar of $109,309.00 using the hourly rates described in the Philadelphia Community Legal Services fee schedule, *see* Doc. 37-2 at ¶ 22; Doc. 37-3 at ¶ 29, the $189,450.00 attorney's fee payment results in a 1.733 lodestar multiplier, which falls within the range of acceptable multipliers in the Third Circuit. *See Tavares*, 2016 U.S. Dist. LEXIS 57689, at *52-56 (citing cases and approving 2.29 multiplier).

5

7.      This action is **DISMISSED WITH PREJUDICE**, although the Court will continue to maintain jurisdiction over the enforcement of the settlement.

                                              s/ Jennifer P. Wilson
                                              Jennifer P. Wilson
                                              Judge of the United States District Court
                                              Middle District of Pennsylvania